The document below is hereby signed.

Signed: February 23, 2020



_/s/ S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DELALI DEDO, | ) | Case No. 18-00657 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE VIP RESTORATION,
INC.'S MOTION FOR LEAVE TO FILE ADVERSARY COMPLAINT

Delali Dedo is the debtor in this case under Chapter 13 of the Bankruptcy Code (11 U.S.C.). VIP Restoration, Inc. ("VIP") has filed a motion for leave to file a dischargeability complaint under 11 U.S.C. § 523(a)(3). VIP's motion attaches a copy of the complaint VIP seeks leave to file against Dedo. For reasons discussed below, the complaint is not one under § 523(a)(3). I will deny the motion without prejudice to VIP's pursuing a complaint in this court under § 523(a)(3), a filing that would not require leave of the court, and without prejudice to VIP's seeking a determination elsewhere under § 523(a)(3) incident to any action pursued to recover a monetary judgment against Dedo. I also address the fact that the parties' filings suggest that it may be appropriate to lift the automatic stay to permit VIP to

pursue its monetary claim against Dedo in the Superior Court of the District of Columbia.

I

The complaint is not a complaint under § 523(a)(3): it does not mention § 523(a)(3). Instead, it alleges that the debt owed VIP is nondischargeable under 11 U.S.C. § 523(a)(2), (4), and (6). VIP's motion appears to seek a determination that VIP should be allowed under § 523(a)(3) to pursue a complaint to declare the debt nondischargeable under § 523(a)(2), (4), or (6). However, as explored below, § 523(a)(3) is the only available basis for declaring the debt nondischargeable (even though § 523(a)(3)(B) may entail an inquiry into whether the debt is of a kind specified in Fed. § 523(a)(2), (4), or (6)). In turn, Fed. R. Bankr. P. 7001(6) requires that a determination of nondischargeability under § 523(a)(3) be sought in an adversary proceeding, not by way of a motion.

II

Section 523(a)(3)(B) does not extend the time for filing a complaint under § 523(a)(2), (4), or (6). *See In re Mazik*, 592 B.R. 604, 613 (Bankr. E.D. Pa. 2018) ("Rule 4007(c) and § 523(a)(3)(B) operate independently; the Code section does not serve as grounds for extending the deadline in the court rule."); *In re Nwoke*, No. 07-103240SSM, 2008 WL 750591, at *2 (Bankr. E.D. Va. Mar. 18, 2008 ("the court has no power, after the bar date

has passed, to extend the time to file a complaint under § 523(a)(4)"). However, it is not too late to file a complaint under § 523(a)(3). Under Fed. R. Bankr. P. 4007(b), a complaint to determine the dischargeability of an unlisted debt under 11 U.S.C. § 523(a)(3) may be filed "at any time."

### III

Section 523(a)(3) provides that a debt is nondischargeable if it is a debt:

> neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit–
>
> > (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
> >
> > (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

Both § 523(a)(3)(A) and (B) address a debt being nondischargeable when the creditor did not learn of the case in time to file a timely proof of claim. In other words, whether the debt is one of a kind specified in 11 U.S.C. § 523(a)(2), (4), or (6) or not, the debt is nondischargeable under § 523(a)(3)(A) and (B) if:

- Dedo knew of the creditor and its name and neither listed nor scheduled the creditor in time to permit

3

    timely filing of a proof of claim, and

- the creditor had no notice or actual knowledge of the case in time to file a timely proof of claim.

In that circumstance, for the debt to be nondischargeable, it is not necessary that the debt be of a kind specified in 11 U.S.C. § 523(a)(2), (4), or (6).[1]  The bar date for VIP to file a claim in this case was December 14, 2018.

  The motion and the complaint can be read as alleging that when Dedo commenced this bankruptcy case, Dedo was aware that VIP was a creditor.  The motion alleges that VIP was not given notice of the case and was not aware of the case prior to November 13, 2019.  It alleges that on May 15, 2019, VIP filed a complaint against Dedo in the Superior Court of the District of Columbia for a monetary judgment; that Dedo filed an answer on July 6, 2019; that Dedo did not file anything noting the pendency of the bankruptcy case until October 29, 2019, when Dedo filed a motion for reconsideration of a default judgment entered against Dedo;[2]

---

[1] No bar date has been set in this case for filing a § 523(a)(6) complaint.  One would be set under Fed. R. Bankr. P. 4007(d) only if Dedo moves for a so-called "hardship discharge" under 11 U.S.C. § 1328(b).  Accordingly, § 523(a)(3)(B) does not apply even if the debt is of a kind specified in § 523(a)(6): VIP has received notice of the case in time to file a timely § 523(a)(6) complaint should Dedo receive a discharge under § 1328(b).

[2] VIP alleges that Dedo did not appear at an initial scheduling conference and the Superior Court entered default against her on August 26, 2019, and that after an ex parte proof hearing on October 21, 2019, the Superior entered a monetary judgment against Dedo.

and that VIP's counsel did not see that motion until November 13, 2019.  If true, this appears to establish that the debt is nondischargeable under § 523(a)(3)(A) or (B) because the bar date for filing claims was December 14, 2018.  However, as already noted, a § 523(a)(3) determination, if sought in this court, must be sought in a complaint, not in a motion.[3]

IV

There is an alternative basis under § 523(a)(3)(B) for a debt to be nondischargeable when the creditor was not aware of the case in time to timely file a complaint under 11 U.S.C. § 523(a)(2), (4), or (6).  No bar date has been set under Fed. R. Bankr. P. 4007(d) for filing a complaint under § 523(a)(6) in this Chapter 13 case.  Under Fed. R. Bankr. P. 4007(c), the deadline to file a complaint to challenge dischargeability of debts under 11 U.S.C. § 523(a)(2) or (4) was January 18, 2019.

The word "and" in § 523(a)(3)(B) is read as meaning "or" such that if a creditor received notice of the case in time to file a timely proof of claim (as in a Chapter 7 case in which no

---

[3] However, if the automatic stay is lifted, the determination of nondischargeability based on not receiving notice in time to file a timely proof of claim can be sought in the pending Superior Court litigation. *See In re Real*, No. 3:16-BK-3913-JAF, 2018 WL 2059603, at *5 (Bankr. M.D. Fla. Apr. 30, 2018).  The courts are split as to whether a state court has concurrent jurisdiction to decide whether the debt is of a kind specified in 11 U.S.C. § 523(a)(2), (4), or (6) for purposes of nondischargeability under § 523(a)(3)(B), but the better view appears to be that the state court has concurrent jurisdiction. *Id.*

5

bar date was set for filing proofs of claim), the debt nevertheless may be nondischargeable if the creditor did not learn of the case in time to file a timely complaint under 11 U.S.C. § 523(a)(2), (4), or (6).  See *In re Padilla*, 84 B.R. 194, 196 (Bankr. D. Colo. 1987) (holding that "to comport with legislative intent, § 523(a)(3)(B) shall be read as requiring the prevention of filing a proof of claim *or* a complaint to determine dischargeability.") (emphasis in original; citations omitted).

VIP contends that it was unaware of both the December 14, 2018 deadline for filing a proof of claim and the later January 18, 2019 deadline for filing a dischargeability claim.  Based on that contention, it appears that it would be unnecessary for VIP to show that the debt is nondischargeable under the part of § 523(a)(3)(B) dealing with not having sufficient notice to file a timely dischargeability complaint.

V

If VIP were, nevertheless to proceed on the alternative basis allowed by § 523(a)(3)(B) regarding not having notice of the case in time to pursue a dischargeability complaint, it ought not, for reasons discussed below, pursue a contention that the debt is of a kind specified in § 523(a)(6).

Section 523(a)(6) is not an exception to a discharge under 11 U.S.C. § 1328(a).  This is because, in relevant part, 11 U.S.C. § 1328(a) provides that if the debtor receives a discharge

under that provision, the discharge will be:

> a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
>
>> (1) provided for under section 1322(b)(5); [or]
>>
>> (2) of the kind specified in . . . paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a).

Because § 523(a)(6) is not basis for nondischargeability under § 1328(a), it makes sense that no bar date has been set in this case for filing a § 523(a)(6) complaint.  One would be set under Fed. R. Bankr. P. 4007(d) only if Dedo moves for a so-called "hardship discharge" under 11 U.S.C. § 1328(b).  Accordingly, § 523(a)(3)(B) does not apply even if the debt is of a kind specified in § 523(a)(6): VIP has received notice of the case in time to file a timely § 523(a)(6) complaint should Dedo move for a discharge under § 1328(b).  If VIP pursues a complaint for nondischargeability under § 523(a)(3)(B) based on the bar date for filing a dischargeability complaint, it ought not include a

7

claim that the debt is of a kind specified in § 523(a)(6).[4]

## VI

Dedo has responded to VIP's motion suggesting that Dedo is willing to have any debt owed to VIP determined in the Superior Court. However, the automatic stay of 11 U.S.C. § 362(a) barred the filing of the complaint in the Superior Court and the continued litigation of that complaint. Accordingly, the proceedings in the Superior Court are void. *See In re Stancil*, 487 B.R. 331, 338 (Bankr. D.D.C. 2013) (citing cases). For any aspects of the Superior Court litigation to be reinstated, VIP would have to seek an annulment of the automatic stay. *Id.* The automatic stay would also bar resumption of the litigation in the Superior Court or the filing of a new complaint in the Superior Court: even if the debt is nondischargeable, the automatic stay bars litigation on VIP's claim in the Superior Court. However, relief from the automatic stay may be an appropriate remedy for a creditor in a chapter 13 case when the creditor did not receive notice of the pendency of the bankruptcy case in time to file a

---

[4] The court in *In re Mazik*, 592 B.R. at 614 n.17, observed that § 523(a)(3)(B) expands the scope of a § 1328(a) discharge to include claims of a type specified in § 523(a)(6). That observation fails to take account that under Rule 4007(d), only once a debtor is seeking a "hardship discharge" under § 1328(b) is a bar date set in a Chapter 13 case for filing a § 523(a)(6) complaint. Without a bar date having been set for filing a § 523(a)(6) complaint, a creditor can still file a timely § 523(a)(6) complaint should the debtor seek a § 1328(b) discharge, thus necessarily making § 523(a)(3)(B) inapplicable to a debt of a kind specified in § 523(a)(6).

timely proof of claim. See *In re Stieg*, 509 B.R. 148, 155 (Bankr. S.D. Ohio 2014); *In re Sykes*, 451 B.R. 852, 859-60 (Bankr. S.D. Ill.2011); *In re Houston*, No. 07-00652, WL 104976, at *1 (Bankr. D.D.C. Jan. 4, 2008).

VI

In accordance with the foregoing, it is

ORDERED that VIP's *Motion for Leave to File Adversary Proceeding Complaint* (Dkt. No. 84) is DENIED without prejudice to VIP filing a complaint in this court under 11 U.S.C. § 523(a)(3) and without prejudice to seeking a determination elsewhere under § 523(a)(3) incident to any action pursued to recover a monetary judgment against Dedo.

[Signed and dated above.]

Copies to: Debtor; e-recipients.